103 F.3d 136
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Maurice SAFFORD, also known as Maurice Smith, Appellant.
 No. 96-3260.
 United States Court of Appeals, Eighth Circuit.
 Submitted Nov. 19, 1996.
Decided Nov. 27, 1996.
 
 Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Maurice Safford, an African-American, challenges the 120-month sentence imposed by the district court[1] after he pleaded guilty to possessing cocaine base (crack) with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). We affirm.
 
 
 2
 At issue is Safford's offense-level calculation, which was derived from the penalty scheme set forth in 21 U.S.C. § 841(b)(1), providing the same penalties for given amounts of crack and 100 times greater amounts of powder cocaine. Safford argues that the 100-to-1 ratio has a disproportionate adverse effect on African-Americans; Congress's rejection of the Sentencing Commission's proposed amendment to the Sentencing Guidelines--which would have eliminated the 100-to-1 ratio and equalized the penalties for crack and powder cocaine--evidences a discriminatory purpose on Congress's part in maintaining the penalty scheme; and, thus, continued application of the scheme violates his Fifth Amendment equal protection and due process rights.
 
 
 3
 We recently rejected similar arguments in United States v. Carter, 91 F.3d 1196, 1198-99 (8th Cir.1996) (per curiam).
 
 
 4
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri